The court were of opinion, that inasmuch as the rights of those persons under whom the plaintiff claimed were conjunct, and incapable of a distinct and several exercise and operation in law, he- *331 fore partition, they must have sued jointly ; and although they might sue separately, and recover, yet the part owner so recovering could only recover a joint right, i. e. an undivided moiety of the whole, and could only enjoy the thing recovered as joint owner, and subject to the claims of the other co-proprietors : therefore the right of one of them, being saved by virtue of the exception in ille act ot limitations, saves the rights of the others, as the whole of their rights joined together constitutes bat a single .right, capable of supporting an action ; and their right of action could not be barred, until the right of each' joint owner was barred. On the other point, the judges were all of opinion, that the second action could not be considered a continuance of the first on any ground. The second action was different in form from the first. It was not brought until twelve months after the discontinuance of the first. A discontinuance cannot be .continued. If an irregular action be brought, it will prevent the limitation act from barring. Bac. Abr. Tit. Limitations. But a nonsuit is different from a discontinuance, and the second action must appear to be a revival of the original action.
Presóle, Desaussure, and Gaillard, for plaintiff. William Bratton, for defendant.
A new trial was granted.
Present, Waties, Johnson, Trezevant, and Brevard, Justices.
Note. See 2 Bos. & Pul. 157, as to continuance. Writ issued 8th Nov. 1799 Capias per continuance issued 13th Nov. 1799. The first was within a year after the offence was committed; the latter not. The first was not returned; the latter was served on the defendant It was decided, that the first writ ought to have been returned, otherwise the second could not be connected with it. See 6 T R. 617. 7 T. R. 6.
If one and the same right, belongs in common to many persons, the action entered by any one of them will interrupt the prescription for them all: for it is the whole right that is demanded, and every one preserves by this demand, that share of the right which belongs to him. See Domat’s Civil Law, b. 3, see. 4, 1 vol. 474, and see 2 p. 459.